# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAQUE BURKEHOLDER,          )
                       Petitioner,   )
                             ) Civil Action No. 13-153
      vs.                      )
                             ) Judge Terrence F. McVerry/
                             ) Magistrate Judge Maureen P. Kelly
JOSEPH MAZURKIEWICZ; THE   )
ATTORNEY GENERAL OF THE STATE  )
OF PENNSYLVANIA,            )
                      Respondents.  )

## REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus ("the Petition")

filed pursuant to 28 U.S.C. § 2254 be transferred forthwith to the United States District Court for

the Eastern District of Pennsylvania because that is the District wherein Petitioner's state court

conviction was obtained, and, as such, it is the proper venue for litigation of the underlying

allegations of the Petition.

## II.  REPORT

Raque Burkeholder, ("Petitioner") is currently incarcerated in the State Correctional

Institution at Greensburg ("SCI-Greensburg"), which is located in Greensburg, Westmoreland

County, Pennsylvania, which is within the territorial boundaries of the United States District

Court for the Western District of Pennsylvania.  28 U.S.C. § 118(c).  Petitioner is represented by

privately retained counsel, who filed the Petition in this District, presumably because Petitioner's

custodian is located within the territorial boundaries of the United States District Court for the

Western District of Pennsylvania.[1]  In the Petition, Petitioner challenges the validity of his

conviction, which was obtained in the Court of Common Pleas of Philadelphia County, which is

located within the territorial boundaries of the United States District Court for the Eastern District

of Pennsylvania. ECF No. 1 at 1, ¶ 1(a). Because that conviction arose out of Philadelphia

County, venue is also proper there.  The interests of justice weigh in favor of transferring this case

to the United States District Court for the Eastern District of Pennsylvania.

   **A.  Discussion**

   The power of this Court to grant the writ is founded upon 28 U.S.C. § 2241(a) which

provides that the "[w]rits of habeas corpus may be granted by the Supreme Court, any justice

thereof, the district courts and any circuit judge within their respective jurisdictions."

   At the time of the commencement of this action, Petitioner was in prison at SCI-

---

[1] We note that the so-called "immediate custodian rule" does not require that Section 2254 habeas petitions be filed only in the district wherein the immediate custodian of the habeas petitioner works or lives.  See, e.g., Rumsfeld v. Padilla 542 U.S. 426, 443 (2004)("Congress has also legislated against the background of the 'district of confinement' rule by fashioning explicit exceptions to the rule in certain circumstances. For instance, § 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only 'in the district court for the district wherein [he] is in custody,' but also 'in the district court for the district within which the State court was held which convicted and sentenced him'; and 'each of such district courts shall have concurrent jurisdiction to entertain the application.'").  See also Moore v. Phillips, Civ. No. 10-666, 2010 WL 4449727, at *2 (S.D.Ill., Nov. 1, 2010) ("All habeas petitioners in custody pursuant to an order of a state court must proceed under § 2254. As such, § 2254 habeas petitions would usually have to be filed in the district court where the petitioner is detained (and the respondent is located). This can be problematic in states with multiple federal district courts. When many § 2254 habeas petitioners are convicted in one part of a state (e.g., Chicago), but confined in another part of a state (e.g., Pinckneyville), that can place a tremendous burden on the federal district court where such petitioners are confined. Title 28 U.S.C. § 2241(d) eases the burden on the district courts where § 2254 habeas petitioners are confined by providing that certain types of § 2254 habeas petitions-namely, those where the petitioner is under 'judgment and sentence' of a state court-may be entertained in the convicting district, not just the district where the § 2254 habeas petitioner is detained.").

Greensburg.  Consequently, both the Western District and the Eastern District have "jurisdiction" to entertain this petition.  See 28 U.S.C. § 2241(d).[2]  See also Dunne v. Henman, 875 F.2d 244, 248-50 (9th Cir. 1989) ("The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction.  A district court has *subject matter* jurisdiction over a habeas petition alleging a violation of federal law under federal question jurisdiction.") (citations omitted);  Irving v. Breazeale, 265 F.Supp. 116, 120 n.9 (S.D. Miss. 1967) (even though petitioner was incarcerated in the Northern District of Mississippi, the Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there), aff'd, 400 F.2d 231 (5th Cir. 1968).  Although this Court possesses subject matter jurisdiction to entertain this Petition, it is not required to exercise such jurisdiction if the interests of justice counsel otherwise.

### 1. Venue[3]

Venue in habeas corpus related cases, filed by state prisoners challenging their convictions, is proper in either the federal district in which the state conviction was obtained or

---

[2] Section 2241(d) provides that

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

[3] The issue of proper venue may be raised *sua sponte* by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).

the federal district in which the petitioner was incarcerated at the time of filing the habeas petition. See Walker v. Lockhart, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District. 28 U.S.C. § 2241(d).").

In this case, either this Court or the United States District Court for the Eastern District of Pennsylvania, has jurisdiction to hear this petition. However, this Court must exercise its discretion and determine whether transferring this case to the Eastern District would be "in furtherance of justice." 28 U.S.C. § 2241(d). In performing this venue analysis, courts may rely upon traditional venue considerations. See Braden v. 30th Judicial District, 410 U.S. 484, 493 (1973); Garcia v. Pugh, 948 F.Supp. 20, 23 (E.D. Pa. 1996). These considerations include: 1) the location where the underlying material events took place; 2) the location where records and witnesses pertinent to the claim are likely to be found; 3) the convenience of the forum for the petitioner and the respondent, and 4) the familiarity of the court with the applicable laws. Roman v. Ashcroft, 162 F.Supp.2d 755, 765 (N.D. Oh. 2001).

Application of these traditional venue considerations to the facts of this case reveals that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania. First, the underlying material events, which were Petitioner's criminal trial and conviction took place in Philadelphia County, Pennsylvania in the Eastern District. Second, all of the records and most of the participants are presumably located in Philadelphia County. Third, in terms of convenience of the forum, if a hearing is held, it will be more convenient for most of the witnesses and the District Attorney of Philadelphia County to litigate this petition in the Eastern

4

District.  It would also appear to be more convenient for Petitioner's counsel whose address of record is in the city of Schwenksville, which is located in Montgomery County (immediately adjacent to Philadelphia County) which is within the Eastern District.   Obviously, Petitioner would be temporarily transferred to a Department of Corrections facility near Philadelphia County, were a hearing to be required.  Fourth, the factor of the familiarity of the court with the applicable laws is evenly balanced as both District Courts are familiar with the law of Pennsylvania.  Considering these four factors in the context of this action, the factors weigh heavily in favor of transferring this case to the Eastern District where the state trial was held.

Furthermore, it has been the general practice of the United States district courts in Pennsylvania to transfer habeas corpus petitions to the United States district court where the Common Pleas Court is located that conducted the underlying criminal trial of the petitioner. Ortiz v. Pennsylvania, No. 3:10cv028, 2010 WL 936448, at *1 (M.D.Pa., March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); Nightingale v. Vincent,  No. Civ.A. 08-95J, 2008 WL 1943427, at *2 (W.D.Pa., May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted.").  See also Rouzer v. DiGuglielmo, Civ.A. No. 07-0268, 2007 WL 853750, at *1 (E.D.Pa., March 20, 2007).

Considering all of the relevant factors, it appears that they weigh in favor of transferring

this petition to the United States District Court for the Eastern District Court of Pennsylvania, the District wherein Petitioner's criminal trial was held. Accordingly, it is recommended that the case be transferred forthwith to the Eastern District of Pennsylvania.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

Respectfully submitted,


*s/Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: April 2, 2013

cc:   The Honorable Terrence F. McVerry
      United States District Judge

      All counsel of record via CM-ECF